IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SABRINA WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE AUTO PROPERTY AND | : | NO. 08-4983 |
| CASUALTY INSURANCE COMPANY | : | |

O'NEILL, J.                                                                    APRIL   24 , 2009

MEMORANDUM

Before me is third party defendant Pennsylvania Financial Responsibility Assigned

Claims Plan's motion to remand, dismiss or stay plaintiff's complaint requesting declaratory

judgment and the third-party complaint of defendant State Auto Property and Casualty Insurance

Company, defendant State Auto's response thereto, and third party defendant Eugene Catchings'

motion to dismiss plaintiff's complaint and third party complaint and join in third party

defendant the Plan's motion and defendant State Auto's response thereto.

This case arises from an accident involving a car owned by third party defendant Mary

Shaeff and driven by third party defendant Sean Brewington and a car driven by plaintiff Sabrina

Williams in which Catchings was a passenger.  Pending in state court are the consolidated

personal injury actions brought by Williams and Catchings: Williams against Brewington, West

Side Auto, Shaeff and the Plan; Catchings against Brewington, Williams and West Side Auto.

Williams also filed this action in state court against defendant State Auto for a declaratory

judgment regarding whether Brewington is separately covered under third party defendant West

Side Auto's policy with defendant State Auto.  West Side Auto was Brewington's employer.

Plaintiff seeks a declaratory judgment that the following "Employees As Insureds"

endorsement provides coverage to Brewington:

> With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.
>
> The following is added to the **Section II - Liability Coverage**, Paragraph **A.1. Who Is An Insured** Provision:  Any "employee" of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

Plaintiff alleges that this provision provides coverage "regardless of whether [the employee is] in the course and scope of their employment or ha[s] permission to operate a covered vehicle."

State Auto removed the matter to this Court.  Removal was proper as plaintiff is a citizen of Pennsylvania and State Auto is a corporation organized in Iowa with its principal place of business in Ohio.  28 U.S.C. § 1332.  After removal, State Auto joined Pennsylvania citizens West Side Auto, Brewington, Shaeff, Catchings and the Plan as third party defendants claiming that judgment should be entered in its favor that the policy provides Brewington no coverage.

Third party defendants the Plan and Catchings assert that after the third party defendants are properly aligned I lack jurisdiction.  Specifically, the dispute concerns whether Pennsylvania third party defendant West Side Auto must be aligned with defendant as an indispensable party defendant, thus destroying diversity.  However, I need not consider this issue.

"A federal court has leeway to choose among threshold grounds for denying audience to a case on the merits."  Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 431 (2007), internal citations omitted.  "Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause.  Thus, a district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether those claims fall within its pendent jurisdiction."  Id., internal citation omitted.  Therefore, regardless of whether I have subject matter jurisdiction, I may exercise my discretion to decline jurisdiction

2

over this declaratory judgment matter.  Id., holding that the district court properly considered

forum non conveniens without considering jurisdiction; Ellis v. Dyson, 421 U.S. 426, 433-34

(1975), holding that a federal court need not decide whether the parties present an Article III case

or controversy before abstaining under Younger v. Harris, 401 U.S. 37 (1971).

Under the Declaratory Judgment Act, a court "may declare the rights . . . of any interested

party."  28 U.S.C. § 2201(a).  The declaratory judgment statute "confers a discretion on the

courts rather than an absolute right upon the litigant."  Wilton v. Seven Falls Co., 515 U.S. 277,

287 (1995).  The Court of Appeals has identified several of the factors that should be examined

in exercising this discretion:  whether the claims of all parties in interest can be satisfactorily

adjudicated in the state court proceeding; whether all necessary parties can and have been joined;

and the scope of the pending state court proceeding and the nature of the defenses available there.

Wilton, 515 U.S. at 283, citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).

The central inquiry behind these factors is whether the questions in controversy in the federal suit

can better be settled in the pending state court proceedings.  Brillhart at 495.

The Court of Appeals has identified additional factors to be considered, including (1) the

likelihood that a federal court declaration will resolve the uncertainty of obligation which gave

rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of

the uncertainty of obligation; and (4) the availability and relative convenience of other remedies.

United States v. Pa. Dept. of Env. Resources, 923 F.2d 1071 (3d Cir. 1991).  Additionally, for

cases like Brillhart, where district courts must decide whether to hear declaratory judgment

actions involving insurance coverage issues, the Court of Appeals has suggested relevant

considerations:  (1) a general policy of restraint when the same issues are pending in a state

3

court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; (3) avoidance of duplicative litigation.  State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000), citing Dept. of Env. Resources, 923 F.2d at 1075-76.  Federal courts should "hesitate" to exercise jurisdiction where state law issues are close or unsettled.  Id.  A federal court "should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation."  Id. at 135.  However, the district courts' discretionary power is not unrestricted.  For example, a district court does not have open-ended discretion to "decline jurisdiction over a declaratory judgment action when the issues include [ ] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."  Id. at 134.

However, none of these exceptions are present here.  No federal issues are implicated and there is no suggestion that the state proceedings would be inadequate.  Indeed, the possibility of interfering with the state court cases regarding the same matter is substantial.  The interpretation of the policy endorsement in this federal declaratory judgment action to determine whether it covers the employee may require an examination of Brewington's conduct.  The endorsement states that it covers an employee "using a covered 'auto' you don't own, hire, or borrow in your business or personal affairs," and State Auto's fourth affirmative defense asserts that Brewington was not engaged in the business or personal affairs of West Side Auto.  While I make no determination as to the meaning of the phrase "in your business" or as to the likelihood of any party's success on the merits, deciding this matter would likely require factual determinations of whether Brewington's conduct is covered under the policy.  The state court must resolve similar

4

factual issues regarding Brewington's conduct in deciding whether he was acting within the scope of his employment or with permission.  The parties are already conducting discovery in state court and the state court judge presumably is already familiar with the facts of the accident and will in any event need to become so.  Judicial efficiency is promoted if I do not also make these factual determinations.  Without my interference, both judicial and party resources can be conserved by the state court efficiently resolving both the declaratory judgment action and the underlying tort action.[1]  Remanding the declaratory judgment action in the overall controversy and not exercising jurisdiction here will result in avoiding "duplicative and piecemeal litigation" that the Court of Appeals has cautioned district courts to avoid.  Summy, 234 F.3d at 134.

For the foregoing reasons, I will exercise my discretion by declining to hear the declaratory judgment claim.  After declining jurisdiction, a federal court has the authority to remand a declaratory judgment action removed there on diversity grounds back to the state court. See Golden Eagle Ins. Co. v. Travelers Co., 103 F.3d 750, 756 (9th Cir. 1996), reversed on other grounds by Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).  Remand, rather than dismissal, is the proper course here.  Therefore, I will grant the motion to remand and deny the motions to dismiss and stay the third party complaints as moot.[2]

An appropriate Order follows.

---

[1]  The fact that there is no parallel declaratory judgment state court proceeding pending in this case is not determinative and is outweighed by the lack of any federal interest in this dispute. See Amica Mut. Ins. Co. v. Boyd, 2009 WL 790864, at *3 (E.D. Pa. Mar. 13, 2009), citing Roth v. Progressive Ins. Co., 2008 WL 2856472, at *3 (W.D. Pa. July 23, 2008).

[2]  These are not motions to dismiss on the merits but on the same procedural issues asserted in the motions to remand.